UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| Danielle King, f/k/a Danielle Bauer,<br><br>    Plaintiff,<br>v.<br><br>LexisNexis Risk Solutions, Inc.,<br><br>    Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff, Danielle King, f/k/a Danielle Bauer, (hereinafter "Plaintiff"), by and through her attorneys, brings the following Complaint against Defendant, LexisNexis Risk Solutions, Inc. (hereinafter "Defendant") for its violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## PARTIES

2. Plaintiff is a natural person who resides in Maplewood, Minnesota. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

3. Defendant is a foreign corporation incorporated under the laws of the state of Georgia; is authorized to do business in the state of Minnesota; and has a registered office located at 1010 Dale Street N, St. Paul, Minnesota 55117-5603. Defendant is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f), regularly engaged in the business of assembling, evaluating, and dispersing information

concerning consumers for the purpose of furnishing "consumer reports," as defined by 15 U.S.C. § 1681a(d), to third parties.

## JURISDICTION

4. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1681, *et seq.* and 28 U.S.C. § 1331.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this District, Plaintiff resides in this District, and Defendant conducts business in this District.

## THE FCRA

6. The FCRA imposes duties on consumer reporting agencies such as Defendant to ensure that consumer reports are accurate and that "consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681.

7. Pursuant to 15 U.S.C. § 1681e(b), consumer reporting agencies are required "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

## FACTUAL ALLEGATIONS

8. On February 14, 2017, Plaintiff was a passenger in a vehicle involved in a motor vehicle accident.

2

9. Shortly thereafter, Officer Peterson of the Maplewood Police Department arrived on the scene, assessed the situation, and compiled a Minnesota Department of Public Safety Motor Vehicle Crash Report (hereinafter the "Report").

10. The report reflected that the at-fault party was Kandi Sprake (hereinafter "Ms. Sprake").

11. Ms. Sprake admitted that she had had a long day, wasn't paying attention, and hit another vehicle stopped behind another vehicle, which was waiting to make a left-hand turn.

12. Ms. Sprake was ultimately issued a citation for no proof of insurance as well as a citation for careless driving.

13. The Report further reflected that Plaintiff's sole involvement in the motor vehicle accident was that of Ms. Sprake's passenger.

14. On or about March 30, 2017, Plaintiff applied for automobile insurance with Allstate Insurance Company (hereinafter "Allstate").

15. In response to her request, Allstate requested Plaintiff's consumer report from Defendant as part of its underwriting process.

16. Defendant prepared Plaintiff's consumer report without following reasonable procedures to assure its maximum possible accuracy, in violation of 15 U.S.C. § 1681e(b), and, as a result, the consumer report furnished to Allstate erroneously reflected (1) that Plaintiff was the at-fault driver in the motor vehicle accident occurring on February 14, 2017, and (2) that Plaintiff had made two claims with Auto Owners Insurance Company, one relating to fire and the other relating to theft.

17. Plaintiff's sole involvement in the motor vehicle accident occurring on February 14, 2017, was that of Ms. Sprake's passenger.

18. Plaintiff has never had insurance through Auto Owners Insurance Company, nor has Plaintiff ever made any claims with Auto Owners Insurance Company.

19. On or about September 27, 2017, Plaintiff applied for automobile insurance with Farmers Insurance Group (hereinafter "Farmers").

20. In response to her request, Farmers requested Plaintiff's consumer report from Defendant as part of its underwriting process.

21. Defendant prepared Plaintiff's consumer report without following reasonable procedures to assure its maximum possible accuracy, in violation of 15 U.S.C. § 1681e(b), and, as a result, the consumer report furnished to Farmers erroneously reflected (1) that Plaintiff was the at-fault driver in the motor vehicle accident occurring on February 14, 2017, and (2) that Plaintiff had made two claims with Auto Owners Insurance Company, one relating to fire and the other relating to theft.

22. On or about January 25, 2018, Plaintiff applied for automobile insurance with Liberty Mutual Insurance Company (hereinafter "Liberty Mutual").

23. In response to her request, Liberty Mutual requested Plaintiff's consumer report from Defendant as part of its underwriting process.

24. Defendant prepared Plaintiff's consumer report without following reasonable procedures to assure its maximum possible accuracy, in violation of 15 U.S.C. § 1681e(b), and, as a result, the consumer report furnished to Liberty Mutual erroneously reflected (1) that Plaintiff was the at-fault driver in the motor vehicle accident

4

occurring on February 14, 2017, and (2) that Plaintiff had made two claims with Auto Owners Insurance Company, one relating to fire and the other relating to theft.

25. On or about January 29, 2018, Plaintiff applied for automobile insurance with Allstate.

26. In response to her request, Allstate requested Plaintiff's consumer report from Defendant as part of its underwriting process.

27. Defendant prepared Plaintiff's consumer report without following reasonable procedures to assure its maximum possible accuracy, in violation of 15 U.S.C. § 1681e(b), and, as a result, the consumer report furnished to Allstate erroneously reflected (1) that Plaintiff was the at-fault driver in the motor vehicle accident occurring on February 14, 2017, and (2) that Plaintiff had made two claims with Auto Owners Insurance Company, one relating to fire and the other relating to theft.

28. On or about February 22, 2018, Plaintiff applied for automobile insurance with Allstate.

29. In response to her request, Allstate requested Plaintiff's consumer report from Defendant as part of its underwriting process.

30. Defendant prepared Plaintiff's consumer report without following reasonable procedures to assure its maximum possible accuracy, in violation of 15 U.S.C. § 1681e(b), and, as a result, the consumer report furnished to Allstate erroneously reflected (1) that Plaintiff was the at-fault driver in the motor vehicle accident occurring on February 14, 2017, and (2) that Plaintiff had made two claims with Auto Owners Insurance Company, one relating to fire and the other relating to theft.

31. On or about February 22, 2018, Plaintiff applied for automobile insurance with Progressive Casualty Insurance Company (hereinafter "Progressive").

32. In response to her request, Progressive requested Plaintiff's consumer report from Defendant as part of its underwriting process.

33. Defendant prepared Plaintiff's consumer report without following reasonable procedures to assure its maximum possible accuracy, in violation of 15 U.S.C. § 1681e(b), and, as a result, the consumer report furnished to Progressive erroneously reflected (1) that Plaintiff was the at-fault driver in the motor vehicle accident occurring on February 14, 2017, and (2) that Plaintiff had made two claims with Auto Owners Insurance Company, one relating to fire and the other relating to theft.

34. On or about March 26, 2018, Plaintiff applied for automobile insurance with Progressive.

35. In response to her request, Progressive requested Plaintiff's consumer report from Defendant as part of its underwriting process.

36. Defendant prepared Plaintiff's consumer report without following reasonable procedures to assure its maximum possible accuracy, in violation of 15 U.S.C. § 1681e(b), and, as a result, the consumer report furnished to Progressive erroneously reflected (1) that Plaintiff was the at-fault driver in the motor vehicle accident occurring on February 14, 2017, and (2) that Plaintiff had made two claims with Auto Owners Insurance Company, one relating to fire and the other relating to theft.

37. On or about September 20, 2018, Plaintiff applied for automobile insurance with American Family Mutual Insurance (hereinafter "American Family").

38. In response to her request, American Family requested Plaintiff's consumer report from Defendant as part of its underwriting process.

39. Defendant prepared Plaintiff's consumer report without following reasonable procedures to assure its maximum possible accuracy, in violation of 15 U.S.C. § 1681e(b), and, as a result, the consumer report furnished to American Family erroneously reflected (1) that Plaintiff was the at-fault driver in the motor vehicle accident occurring on February 14, 2017, and (2) that Plaintiff had made two claims with Auto Owners Insurance Company, one relating to fire and the other relating to theft.

40. On or about October 1, 2018, Plaintiff applied for automobile insurance with Progressive.

41. In response to her request, Progressive requested Plaintiff's consumer report from Defendant as part of its underwriting process.

42. Defendant prepared Plaintiff's consumer report without following reasonable procedures to assure its maximum possible accuracy, in violation of 15 U.S.C. § 1681e(b), and, as a result, the consumer report furnished to Progressive erroneously reflected: (1) that Plaintiff was the at-fault driver in the motor vehicle accident occurring on February 14, 2017, and (2) that Plaintiff had made two claims with Auto Owners Insurance Company, one relating to fire and the other relating to theft.

43. As a result of Defendant's violations of the FCRA, Plaintiff was outright denied automobile insurance or was offered automobile insurance at a higher rate than she

otherwise would have been offered, and sustained emotional distress including, but not limited to, stress and frustration.

## TRIAL BY JURY

44. Plaintiff is entitled to, and hereby demands, a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681 *et seq.*

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Defendant prepared Plaintiff's consumer report on numerous occasions without following reasonable procedures to assure its maximum possible accuracy, in violation of 15 U.S.C. § 1681e(b).

47. Defendant's conduct, actions, and inactions were willful, rendering it liable for damages, pursuant to 15 U.S.C. § 1681n.

48. Alternatively, Defendant's conduct, actions, and inactions were negligent, rendering it liable for damages, pursuant to 15 U.S.C. § 1681o.

49. Accordingly, Plaintiff is entitled to recover from Defendant her actual damages, statutory damages, costs, and attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- an award of actual damages caused by Defendant's violations of the FCRA, pursuant to 15 U.S.C. § 1681n and 1681o;
- an award of punitive damages against Defendant for its willful noncompliance with the FCRA, pursuant to 15 U.S.C. 1681n;
- an award of costs and attorneys' fees incurred to rectify Defendant's violations of the FCRA, pursuant to 15 U.S.C. §§ 1681n and 1681o; and
- such other and further relief as the Court may deem just and proper.

Dated this 6th day of March 2019.   Respectfully submitted,

By:  s/ Mark L. Vavreck, Esq.

Mark L. Vavreck, Esq.
Attorney I.D. #0318619
**GONKO & VAVRECK, PLLC**
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220
mvavreck@cgmvlaw.com

Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:   (651) 704-0907
tommy@consumerjusticecenter.com

*ATTORNEYS FOR PLAINTIFF*

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA ) 
) ss
COUNTY OF Hennepin )

I, Danielle King, f/k/a Danielle Bauer, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_Danielle R King_
Danielle King

Subscribed and sworn to before me
this 5 day of ~~February 2019~~ MARCH 2019

_Donna Marie Dyson_
Notary Public

DONNA MARIE DYSON
Notary Public
Minnesota
My Comm. Exp. Jan. 31, 2023

10